At pages 143-144 of that decision, the Supreme Court examined the legislative history of the Residual Clause and noted that Congress initially mirrored the language in the Residual Clause that tied it to 16b, that the language would be the same. But instead, to actually narrow the scope of the Residual Clause, the Congress amended it before enacting it to include these four enumerated examples in the Residual Clause. So actually, 16b reaches a broader scope of conduct. 16b applies to violence that is committed in the course of committing the offense. And the fact that the Residual Clause may look at physical injury as opposed to physical force, that distinction was not germane to the Supreme Court's decision in Johnson. The Supreme Court in Johnson was looking at the analysis that the courts would have to perform in determining what the ordinary case is. And that's the same analysis that a court has to perform in 16b. Counsel, as you know, the circuits have split on this issue. And in the D'Amalia case, Judge Callahan has a dissent that talks at some length about the differences between the Residual Clause and 16b and finds that 16b only prohibits uses to leave uncertain how to estimate the risk and the amount of risk necessary to qualify as a violent crime. And she talks about how there's no uncertainty as to how much risk it takes for a burglary to qualify as a crime of violence. Are you familiar with Judge Callahan's dissent in that D'Amalia case? I am. And the Ninth Circuit denied a petition for a rehearing in D'Amalia. D'Amalia was later followed by a decision in the Seventh Circuit. Well, I wasn't asking about all that. I know the circuits are split. I was asking, really inviting your commentary on the substantive argument of Judge Callahan in that dissent. But if you're not familiar enough to comment on that, that's fine, and you can continue with your argument.  The 16b, like the Residual Clause, has produced a similar body of confusing case law. For example, this court in Van Don Nguyen dealing with theft of an auto determined that it's not a crime of violence, that the risk that force would be applied against the car to break into it or to steal it was not sufficient. Whereas the Board of Immigration Appeals in matter of Brieva found that a similar offense does carry substantial risk of physical force because of the force that could be used to break into the car, to strip the car of its parts, or in an accident that could result from the theft of the car. This court in Evans v. Zich, another case that's been cited in the briefs, on whether possession of an unregistered weapon is a crime of violence because of the substantial risk of physical force, noted that there's a split in the authorities. So the dissent in DiMaia and also the dissent in the Fifth Circuit's case of Gonzalez v. Longoria rested on what I believe is a faulty premise, that 16b is applied in just as inconsistent a manner as the Residual Clause of the ACCA. And to any extent that that 16b is slightly narrower, it's not any less vague. The analyses that has been used in the 16b and the Residual Clause cases borrow from each other. The case law borrows from each other. For example, Leo Cal initially distinguished 16b from the Residual Clause by stating that 16b does not apply to negligent or accidental conduct, whereas the ACCA would. Several years later in Begay, the Supreme Court collapsed that distinction by finding that a DUI would not be a violent felony under the Residual Clause because just like 16b, they both require purposeful, violent, and aggressive conduct. The substantial risk analysis in 16b suffers from the same indeterminacy that the serious potential risk analyses in the ACCA. Well, the argument, I guess, and not to speak for your opposing counsel, but I suppose would be that the Supreme Court in Johnson only intended to limit the categorical approach when evaluating the risk is too uncertain. And the wording of 16b, to the extent that it varies a bit from ACRA that talks about, it gives the example of burglary, arson, and extortion, and explosives, and then it says otherwise involves conduct that presents a serious risk, potential risk of physical injury to another. Section 16b seems to be somewhat less vague than that when it refers to any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. For example, with the crime of burglary, we see that by its nature it involves substantial risk, and the standard substantial risk has been easily evaluated in burglary cases. So the court would have some form of guidance to apply. So there is an argument that your lumping 16b as being the same as the residual clause really wouldn't hold up. I see my time is up, but if I may answer the question. Burglary was seen as the quintessential example of crime of violence under 16b or a violent felony under the ACCA, but the example that Johnson provides in determining what is an ordinary burglary offense does involve actually entering a home and confronting a homeowner, or is it a situation where a homeowner is startled by hearing the doorknob rattle, yells, who's there, and the burglar runs away with no confrontation at all? That same indeterminacy in determining what the ordinary burglary offense in the ACCA context also applies in the 16b context, and the court provided a different example of witness tampering, which could be a crime of violence under 16b if the ordinary case involves threatening a witness with violence, but wouldn't be if the ordinary case would involve bribing a witness where there's no force involved in bribing a witness. So 16b, while it may reach somewhat different conduct from the ACCA, still has the same indeterminacy in determining what the ordinary offense would be as well as what the threshold is of risk that's involved to trigger application of the statute. Before you sit down, I just have one question. I want to make sure we understand how the circuits have ruled here. So am I correct that three circuits have applied Johnson to find that Section 16b is void for vagueness? That would be the Fifth, Seventh, and Ninth, or is that not? The Seventh and Ninth did. The Fifth Circuit did as well, but following a petition for rehearing, the Fifth Circuit withdrew that decision, and we'll hear the case en banc on May 24th. So we've got the Seventh and Ninth that have found 16b void for vagueness? That's correct, and the Fifth Circuit briefly did, but it's reconsidering it en banc. So are there circuits that are on the other side that have found otherwise? As far as I'm aware of, no circuit has found 16b to be constitutional following Johnson. So essentially the Fifth has just vacated its opinion. That's correct. It's not really a split at this point because the effect of vacating is to vacate the prior decision of the court and panel. So there's, in effect, no Fifth Circuit ruling yet. So we would create a split if we were to rule in favor of the government's position at this point. That's correct. It would create a split on 16b with the Seventh and Ninth circuits. Okay. You'll have your full rebuttal time. Thank you. Good morning. May it please the Court. Breanna Stripley on behalf of the Respondent, the Attorney General of the United States. Your Honors, this Court's recent decision in the United States v. Taylor, we would assert, does create a circuit split and forecloses Petitioner's argument that 16b is void for vagueness. The Court in Taylor addressed an identical verbatim provision. Now, albeit it was Section 924C3b, but it is identical to 16b. And that defines crimes of violence in the exact same way, and I will quote, by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Because this Court has already analyzed this exact language and, in fact, has relied on cases that discuss the difference between the Armed Career Criminal Act and 16b, and has found that 16b, the language of 16b, which is identical, is distinctly narrower than the ACCA's residual clause, that the statutory language of 16b is not linked to a confusing set of examples like that in the ACCA's residual clause, and because unlike the ACCA's residual clause, which the Supreme Court struggled for nine years in trying to come up with a standard for, 16b does not have that same history. Let me ask you this very briefly, if I could. I'm sorry to interrupt, but have the parties filed any sort of 28J letter? We have that from both parties. Your Honor, Petitioner's counsel filed a 28J letter. So this Court's decision in Taylor came out, I believe, the same day or shortly a day after the Fifth Circuit's decision in Gonzalez-Longoria. Petitioner's counsel filed a 28J, and because we did not disagree that it was a supplemental authority, we did not file a response or additional supplementation. Taylor does not, I mean, Taylor deals with 924C, right? C-3b, correct. And the distinction between Taylor and this case is arguably that under Taylor, in that statute, you're applying the standard of the statute to particularized conduct, real-world conduct, in the words of the Supreme Court. Here you're dealing with categorical approaches from which emanates the vagueness problem. So I felt it's hard for me to see how Taylor is controlling here. So to address that, Your Honor, the Supreme Court has come up with, for two primary reasons, why it found that the ACCA provision was unconstitutionally vague, right? The first was the uncertainty resolved with the methodology. Essentially, how do you do this? That's ordinary case. The second was the degree of the risk was uncertain. Those two combined is what made the ACCA residual clause unconstitutional. So the fact that the 16B analysis involves an ordinary case analysis does not automatically render it void for vagueness because there's manners in which the textual arguments about the language is much more specific. And that analysis, which was conducted in Taylor, is exactly transferable to the 16B context. So, for example, the statutory language of 16B, which is the same as the 924 C-3b, this court in Taylor went through and came up with numerous reasons for why. It's not really helping me. In Taylor, you're going to look at what that defendant did, and you're going to look at how that particular conduct created risk. Under 16B, we're going to look at overall, we're going to look at the offense. We're going to look at overall conduct, not conduct in this particular case. And that just seems to be a major difference between the 924 C analysis and the 16B analysis. It's not the difference in language. It's the difference in application and which one of those runs afoul of Johnson. So, we respectfully disagree in the sense that the combination in Johnson is, yes, there is an ordinary case application in the 16B context. However, that ordinary case is compared to an imprecise standard of risk. So you're comparing the generic... You're not applying a standard of risk at all in 924 C. You're looking at what that defendant did on that day. You're looking at the human implications of his conduct. And that is really different from the problem that the court saw in Johnson, in my mind. And that may be, but it's also important to recognize that in the Taylor court, the court did walk through the statutory provisions and did make textual arguments. For example, they did say this court found that it's distinctly narrower. But you get something out of that. But to say that Taylor is controlling or that Taylor's reasoning is applicable here is really, I mean, stretching it a bit. That's my point. And we understand that. But if nothing else, even if Your Honor is inclined to realize that it does not foreclose the argument, it is certainly persuasive at a minimum because the same exact rationale that applied does apply here. Again, this court found three primary reasons, right? The first was that the language was distinctly narrower than the ACCA. The court gave several reasons for this. First, the during the course of proceedings limits it. So under 16b, unlike the ACCA, we're looking at conduct that has to occur during the course of proceedings. Secondly, the court in Taylor noted that the risk of physical force against a victim is much more definite than the risk of physical injury to a victim. So in Leocal, the Supreme Court noted that the ACCA's residual clause focuses on the possible effect of a person's conduct. Whereas, by contrast, 16b narrowly focuses on felony offenses that pose a substantial risk that physical force will be used. How about this question? You understand, I am sure, that 924C is an appendage, as it were, to 924B. So you're not dealing with 924C unless the defendant has already been convicted of carrying or using a weapon during a drug offense or a crime of violence. So what you are doing is looking back at that specific conduct. You're looking at what's been proved in that case. That's what the jury's looking at. You don't tell a jury, obviously, anything about categorical approaches and the offense in general. You tell the jury to find what happened in that specific case. And once it finds the defendant guilty of the predicate offense, and if the jury finds he was carried, they don't have to find he created risk by carrying or using the weapon. They just have to find that he carried or used it in relation to the predicate crime. That is just an entirely different analysis. It's also a factual analysis, both for the jury, and it's really a jury decision based on that particular case. So all this standard stuff kind of just really doesn't matter much in the 924C context. But in any event, the language difference between the ACCA and 16b exists, regardless of this court's decision in Taylor, regardless whether this court finds that it forecloses the argument. So we have, again, very significant textual. And this isn't just in the Taylor decision. This court has recognized the significant differences between ACCA and 16b, and it's not my language using significance. It's this court's. So, for example, in the United States v. Sawyers, this court noted that the difference between the risk involved with each definition is significant. Under 16b, the risk that force will be used requires an examination of defendant's actions. In contrast, the risk that injury will result under the residual clause focuses on the effect. This court also noticed the difference in Taylor that by its nature also narrows the language. The phrase by its nature in the courts that a court's analysis of whether there is a risk is combined to the offense itself. And fourth, and although this wasn't mentioned in the Taylor decision, this court in the United States v. Sawyers noted that unlike 16b, which we know from Leocal has a minimum mens rea of negligence or higher, sorry, of higher than negligence, the ACCA does not have any mens rea components. So, again, this is another way in which the 16b is more narrow in scope than the ACCA's residual clause. I would also like to note that the statutory language of 16b does not link to a confusing set of examples like the ACCA's residual clause does. So, the ACCA defines a violent felony as burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk to physical injury to another. Now, the Supreme Court explained that the use of this word otherwise requires it to look at the risk as evaluated with those other diverse crimes. This provided to the court a confusing set of examples of how to reconcile it. So, Justice Scalia stated in probably the most exemplary way the phrase that shades of red standing alone wouldn't be confusing. But when you combine it with other... Let's put aside 16b for a minute. What do you think the Supreme Court was talking about in differentiating the problem it saw in Johnson and statutes involving real world conduct? What do you think fits in real world conduct? Just enumerate some statutes if you can. If you can't, just move on. Okay. I can't give you a specific statutory construction, but with regards to that, in that entire section, he was looking at... So, the court's majority decision was really focusing on the fact that they carved out... This was in the decision if Justice Alito was writing a dissent where he had posited that this was going to result in a nuclear explosion if they found that the ACCA's residual clause was unconstitutional because it would have all these outlying effects on other types of statutes that contain things of similar risk, such as substantial risk. And in response to that, to address that concern, Justice Alito specifically wrote that that was not... The decision was limited to the ACCA's residual clause and pointed out specific precedent it was overturning and carved out an exception to say we're not casting constitutional doubt on qualitative terms like substantial risk and statutes that involve that. And that's in the 16B context. Do you think that the approach the Supreme Court previously adopted... This is just a thinking out loud question, so if you want to skip this one too, it's okay. Do you think that the analysis that the Supreme Court crafted in earlier cases for applying the ACCA sort of inevitably took us down the road to Johnson? I mean, courts have really struggled with those standards and how to apply them. And, I mean, you could have had a different method of analysis. Certainly, I mean, the categorical approach to Taylor-Shepard, particularly in the immigration context, which is civil proceeding, is getting very convoluted. Well, I mean, it just seems to me that choosing this categorical approach and then, you know, refining it to the... probably inevitably led us to... It may not be so much that the original statute was unconstitutionally vague as that the Supreme Court's guidance, while I'm sure it seemed wise to them at the time, left us in something of a very confused and void state, not void as a constitutional matter, void as a practical matter. Sure. And the ordinary case analysis, it is worth noting, is a judicially created analysis. So I can certainly understand your concern and also position on that. But, again, in this decision, in the court's decision in Johnson, they had the legal precedent. They had that. Had they wanted to overrule that or had they wanted to expand the scope, they could have. They chose not to mention it. And, specifically, they carved out for these types of cases that are substantial risk. So, as a general matter, the court held that it does not doubt the constitutionality of laws that call for the application of the qualitative standards, such as substantial risk, which is the standard that we are dealing with today. I see that my time is running up, so I would just like to focus on one last point. That is, because 16b is constitutional and Johnson does not amount to intervening law because it is applying to a different statutory provision, Petitioner has conceded, through attorney, not once but twice, both in written pleadings and in open court, that he is removable as a crime of violence aggravated felon for his crime of robbery. He should be bound by this concession because we know, as a general rule, that aliens are bound by the concessions of their attorneys, but for egregious circumstances, which this court has said would be intervening law. Because Johnson is not intervening law, Petitioner should be bound by his concession that he is removable as an aggravated felon. Thank you. Thank you, Ms. Tripoli. Thank you, Your Honors. There are four reasons why the court's decision in Taylor doesn't apply to 16b in this case. The first is that 924C3b deals with what the Supreme Court called the riskiness of conduct on a particular occasion, whereas with the residual clause in 16b, a court is required to look back at a prior conviction and not look at the facts of that offense or the minimum conduct necessary to violate it, but what a judicially imagined ordinary case would involve. Second, with 16b, the Board of Immigration Appeals has a role in interpreting and applying that through the aggravated felony definition. And the BIA treats 16b as the same as the ACCA's residual clause. In matter of Singh, the Board adopted the James analysis because of the similarities between the two clauses. The Board relied on James as well as Sykes, and that although the risk of injury is not the same as the risk of force, the analysis that the Board applies is the same because of the similarities. And just several weeks before the Supreme Court decided Johnson in matter of Francisco Alonzo, the Board again noted in a footnote, footnote 5 of that decision, that the residual clause is similar to 16b in terms of the risk involved, and it relied on James' analysis in the residual clause circumstances. Third, 16b cases and ACCA residual clause cases rely on each other. The Supreme Court in Begay, James, and Chambers relied on its analysis in LeoCal in formulating the scope of the residual clause. This court in Stout, Amos, Van Don Nguyen, and also in Patel v. Ashcroft, in the 16b cases, relied on residual clause case law, and the residual clause cases relied on 16b case law. For example, in Amos, which involved whether a sawed-off shotgun is a violent felony under the residual clause, Judge Batchelter's concurrence in a two-to-one decision relied on LeoCal's 16b analysis. And finally, as the Fifth Circuit had noted prior to withdrawing its decision, the aggravated felony definition at 1101A43F contains a political offense exception, that a crime of violence that's a purely political offense is not an aggravated felony, and the court had a difficult time conceiving of a purely political offense, which is typically treason or spying that would require the use of force. The enumerated clause of the residual clause, the enumerated clauses, burglary, arson, extortion, and use of explosives, actually makes that residual clause more clear than 16b, because it provides a benchmark for courts to compare the offenses before them, whereas 16b doesn't even contain that benchmark. And as Welch made clear, that Johnson was based not on the enumerated clauses, but on the vagueness inherent in determining the ordinary case and the threshold amount of risk. As this court noted in U.S. v. Smith, April 8th decision, published decision, that the enumerated clauses adds clarity because it allows for traditional elements-to-elements analysis, whereas the 16b or the residual clause did not allow for that traditional analysis. And I see that my time is up, if there are no further questions. Apparently not. Thank you, counsel, both of you for your arguments today. We very much appreciate it. The case will be submitted, and you may call the next case.